FILED

NOT FOR PUBLICATION

DEC 11 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATE JOHNSTON; JERRY BERGMAN; MARIA C. "TINA" CHILDRESS, individually and on behalf of all others similarly situated; WASHINGTON STATE COMMUNICATION ACCESS PROJECT, a Washington corporation; ASSOCIATION OF LATE DEAFENED ADULTS; DEAN OLSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> REGAL ENTERTAINMENT GROUP; AMC ENTERTAINMENT INC.; CINEMARK HOLDINGS INC., <br><br> Defendants-Appellees, <br><br> and <br><br> AC JV, LLC, DBA Fathom Events, <br><br> Defendant. | No.   18-35667 <br><br> D.C. No. 2:18-cv-00011-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 5, 2019
Seattle, Washington

Before:  RAWLINSON, BEA, and NGUYEN, Circuit Judges.

Appellants challenge the district court's dismissal of their complaint alleging violations of the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD).  Appellants represent individuals who have hearing loss.  They specifically assert that Regal Entertainment Group, AMC Entertainment Inc., and Cinemark Holdings, Inc. failed to provide closed captioning for content such as classic movies, opera, and stage performances distributed by co-defendant Fathom Events (Fathom).  Fathom does not produce or distribute its content with closed captioning.

We review *de novo* dismissal of a complaint, *see Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 669 (9th Cir. 2010), as well as the court's statutory interpretation.  *See ASARCO LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015).

Title III of the ADA requires places of public accommodation, such as movie theaters, to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

2

differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

Congress authorized the Attorney General to promulgate regulations implementing Title III. *See id.* at § 12186(b). Pursuant to that authority, the Department of Justice (DOJ) adopted a regulation specifying that "a public accommodation shall ensure that its movie theater auditoriums provide closed movie captioning and audio description whenever they exhibit a digital movie that is distributed with such features." 28 C.F.R. § 36.303(g)(2).

Appellants contend that the district court erred in deferring to this regulation because the statute unambiguously requires movie theaters to provide closed captioning as an "auxiliary aid and service."

Federal courts defer to an agency's interpretation or construction of a statute 1) when the statute is "silent or ambiguous" regarding "the precise question at issue," and 2) when the agency's interpretation "is based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Nat'l Res. Defense Counsel*, 467 U.S. 837, 842-43 (1984). The statutory provision defining "auxiliary aids and services," 42 U.S.C. § 12103(1), is silent as to precisely how theaters are to provide captioning services. *See Baldwin v. United States*, 921 F.3d 836, 842 (9th Cir. 2019) (explaining that when a statute is silent, Congress has not directly

spoken to the precise question at issue). We have previously relied on DOJ regulations as reasonable interpretations of the ADA requirement to provide auxiliary aids and services. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904-05 (9th Cir. 2019) (relying on DOJ regulations to interpret the auxiliary aid provision of the ADA); *see also Harkins*, 603 F.3d at 670, 672-74 (turning to movie-captioning regulation to interpret the same provision of the ADA). Accordingly, the district court committed no error in deferring to the regulation. *See Harkins*, 603 F.3d at 672-73.

Finally, the district court did not err in dismissing Appellants' state law claims. Because Washington precedent does not indicate that the application of state law by Washington courts would result in a different outcome, Washington courts would adhere to the outcome reached under federal precedent. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1118 (9th Cir. 2000); *see also Washington State Commc'n Access Project v. Regal Cinemas, Inc.*, 293 P.3d 413, 424 (Wash. Ct. App. 2013), which provides that the "auxiliary aid" provision of the ADA is the functional equivalent of the WLAD's reasonable accommodation requirement.

**AFFIRMED.**